[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has a business located at 24 Turnpike Road in Windsor Locks and provides parking and shuttle services to Bradley Airport. The plaintiff decided to provide car washing services to its parking customers and entered an agreement with the defendant, Car Wash Equipment Services, Inc. to erect a building and install a Car Wash System. The defendant, Ken O'Neil is president of Car Wash Equipment Services.
Joseph Scott Gilmartin, plaintiff's managing general partner testified that plaintiff wished to provide the car washes at a relatively low cost and wanted a System that would leave washed cars virtually dry and spotless without the need to manually wipe them dry after they had run through the car wash thus saving labor costs. The central issue in this case is whether the CT Page 5256-C installed system accomplished this goal.
In Count One of the Complaint the plaintiff alleges the following:
 14. Car Wash has breached its agreements with Bradley Air in one or more of the following ways:
 a. in failing to erect a suitable building to house the car wash system;
 b. in failing to properly install and maintain the car wash system;
 c. in failing to provide a fully operational car wash system; and
d. in failing to install the water treatment system.
The court heard testimony on these allegations from Mr. Gilmartin and Mr. O'Neil. Mr. Gilmartin testified that cars exited the car wash with an excessive amount of water on them and when this water evaporated the vehicles' surfaces were left with an unacceptable amount of spotting. Mr. O'Neil testified that most of the water is blown off the vehicles before they exit the car wash and the water remaining is not excessive. He indicated that the spotting is caused by the condition of the water in Windsor Locks and that he, therefore, recommended the installation of a water treatment system. The parties entered into an agreement for the installation of such a system.
The written agreements regarding the construction of the building and the installation of the car wash equipment are silent as to the expectancies of the parties concerning the condition of wetness of the vehicles after they exit the car wash. The court is left without any standard by which to test the conflicting testimony of the only two witnesses in this case either by way of contract language, the testimony of an expert, or by knowing what the standards are in the industry if in fact there are any. From the evidence produced I also cannot tell whether the addition of a water treatment system is needed to correct a defect, to remedy a situation not foreseen by the parties, i.e. the condition of Windsor Locks water, or to enhance a situation which is acceptable under the agreements but which could be made better. CT Page 5256-D
No evidence was submitted regarding the expectations of customers using a low-cost car wash. It is reasonable to assume that they expect to get what they pay for and that the finished product would be somewhat less appealing than that provided by a more costly wash using more expensive and sophisticated equipment and where the vehicles are hand dried.
Therefore, the plaintiff has failed in its proof as to sections a, b, and c of paragraph 14 of the First Count. Paragraph d claims that defendant failed to install the water treatment system. The court finds that this system was not installed because the plaintiff refuses to allow it. This transaction failed because of a falling out between Gilmartin and O'Neil regarding the proposed purchase and installation of a car wash system in Raleigh-Durham, North Carolina.
Thus, the court finds against the plaintiff on Count One of the Complaint.
Count Two of the Complaint is against the defendant, Ken O'Neil individually and claims misrepresentation. From the evidence presented, the Court finds that this defendant did not make any misrepresentations as to the building or car wash system. The plaintiff was supplied with a fully operational car wash system. There was no evidence that the building itself was inadequate [inadequate].
Count Three claims a CUTPA violation. There was no evidence from which the court could find that the defendant named in this count, Car Wash Equipment Sales, was unethical, unfair or deceptive in violation of the Connecticut Unfair Trade Practices Act.
Judgment enters for the defendants.
So ordered,
John J. Langenbach, Judge